IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-0073, 0074, 0075-12






Ex parte COLLINS OMONDI NYABWA, Appellant






DISSENT TO REFUSAL TO GRANT


APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion.



 Appellant was prosecuted for "improper photography." On appeal, he contended that the
statutory provision under which he was prosecuted is facially unconstitutional under the First
Amendment. The court of appeals upheld the statute. (1) The portion of the statute at issue provides:
"A person commits an offense if the person . . . photographs . . . another at a location that is not a
bathroom or private dressing room: (A) without the other person's consent; and (B) with intent to
arouse or gratify the sexual desire of any person." (2)

 This statute is virtually unbounded in its potential application. The photographing of anyone,
anywhere, and under any circumstances can be an offense so long as the photograph was taken
without consent and the actor harbored the requisite sexual mental state. Photography has been
recognized as a form of expression protected by the First Amendment. (3) While conceding that, the
court of appeals nevertheless concluded that the statute "regulates a person's intent in creating a
visual record and not the contents of the record itself." (4) 

 But that conclusion does not necessarily exempt the statute from the First Amendment's
protections. The Supreme Court has recognized that the First Amendment includes, as a component
of freedom of expression, the protection of "freedom of thought," (5) including the freedom to think
sexual thoughts. (6) It is not enough to say that the statute is directed only at intent, if the intent
consists of thought that is protected by the First Amendment. There are limits to the freedom of
thought protected by the First Amendment: the First Amendment does not, for example, protect the
right to privately possess child pornography. (7) But in the statute before us, the person photographed
could be a fully-clothed adult walking down a public street. The breadth of this statute is
breathtaking, and the type of intent that it regulates is not inherently exempt from First Amendment
protection. 

 I would grant review to address whether the statute violates the First Amendment. Because
the Court does not, I respectfully dissent. (8)


Filed: March 28, 2012

Publish







 
1. Ex parte Nyabwa, Nos. 14-11-00250-CR, 14-11-00251-CR, 14-11-00252-CR, 2012
Tex. App. LEXIS 974 (Houston [14th Dist.] February 7, 2012).
2. Tex. Penal Code § 21.15(b)(1). Subsection (b)(2) proscribes the photographing of a
person in a bathroom or private dressing room and is not at issue in the present case. The statute also
proscribes "by videotape or other electronic means" conduct that "records, broadcasts, or transmits
a visual image of another." See id., §§ 21.15(b)(1) & (2).
3. United States v. Stevens, 130 S. Ct. 1577, 1584 & passim (2010) (invalidating statute that
criminalizes the commercial creation, sale, or possession of certain depictions of animal cruelty); 
Regan v. Time, Inc., 468 U.S. 641, 648 & passim (1984)(invalidating portion of law proscribing
photographic reproductions of currency).
4. Nyabwa, 2012 Tex. App. LEXIS 974, at 9.
5. Wooley v. Maynard, 430 U.S. 705, 714 (1977) (First Amendment protects "freedom of
thought.")
6. Stanley v. Georgia, 394 U.S. 557 (1969) (Statute that criminalizes possession of obscene
materials within the privacy of the home violates the First Amendment); see id. at 565-66 ("And yet,
in the face of these traditional notions of individual liberty, Georgia asserts the right to protect the
individual's mind from the effects of obscenity. We are not certain that this argument amounts to
anything more than the assertion that the State has the right to control the moral content of a person's
thoughts. To some, this may be a noble purpose, but it is wholly inconsistent with the philosophy
of the First Amendment.").
7. Osborne v. Ohio, 495 U.S. 103, 108 (1990) (distinguishing Stanley).
8. I agree with the Court's Rule 50 holding and, consequently, with its decision to order the
court of appeals's "Rule 50" opinion withdrawn and to take no action on appellant's second petition
attacking that latter opinion. But I disagree with the Court's decision to refuse appellant's original
petition attacking the court of appeals's original opinion.